**Brian Ruff,** OSB No. 980975
brian@clarklawportland.com
**Jennie Clark,** OSB No. 000319
jennie@clarklawportland.com
Clark Law and Associates, LLC
6501 SW Macadam Ave. Suite E
Portland, OR 97239
(503) 238-1010
(503) 238-1212 (fax)
  *Of Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **THE ESTATE OF VICTOR MORALES, ESMERELNDA MORALES, AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF VICTOR MORALES**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF OREGON, OREGON STATE POLICE, TROOPER JOHN ANDREAZZI, AND TROOPER MATTHEW POTTER**<br><br>Defendants. | Civil No.: 2:22-cv-00305-MO<br><br>**FIRST AMENDED COMPLAINT**<br><br>Civil Rights Action (42 U.S.C. § 1983), Excessive Use of Force, Assault, Battery, Negligence, and Wrongful death<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Estate of Victor Morales and its Personal Representative, Esmerelda Morales, by and through their attorneys, Clark Law & Associates, LLC, complains of State of Oregon, Oregon State Police, State Trooper John Andreazzi, and Trooper Matthew Potter as follows:

**1. VENUE**

Venue is proper within the District of Oregon because most of the events giving rise to this claim occurred in this judicial district, and the defendants reside in this judicial district. 28 U.S.C.§ 1391(b)(2). The acts and practices alleged herein occurred in Malheur County, Oregon. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983, and 28

Page 1- **FIRST AMENDED COMPLAINT**

CLARK LAW & ASSOCIATES, LLC
6501 SW MACADAM AVE. SUITE E
PORTLAND, OR  97239
(503) 238-1010
(503) 238-1212 (FACSIMILE)

U.S.C. §§ 1331, 1343(a)(3), (4). The court has supplemental jurisdiction over the state tort claims, because they arise out of the same case or controversy, pursuant to 28 U.S. Code § 1367(a).

## 2. PARTIES

Victor Morales was a 25-year-old Hispanic man who was shot and killed by Oregon State Police Troopers.

**3.**

Esmerelda Morales is the sister of Victor Morales and the Personal Representative of his estate.

**4.**

### State of Oregon

Plaintiff re-alleges and incorporates paragraphs 1 - 3.

**5.**

### Oregon State Police

Plaintiff re-alleges and incorporates paragraphs 1 - 3.

**6.**

John Andreazzi was a third-year trooper with the Oregon State Police

**7.**

Matthew Potter was a second-year trooper with the Oregon State Police

**8.**

Jason Reece was a senior trooper with the Oregon State Police

## 9. PRELIMINARY FACTS

All events referred to herein occurred in daylight hours on or about March 14, 2019.

**10.**

All events occurred at or near the intersection of E. Idaho Ave. and N. Oregon St. in the city of Ontario, County of Malheur, State of Oregon.

Page 2- **FIRST AMENDED COMPLAINT**

CLARK LAW & ASSOCIATES, LLC
6501 SW MACADAM AVE. SUITE E
PORTLAND, OR 97239
(503) 238-1010
(503) 238-1212 (FACSIMILE)

**11.**

Prior to the events which are the subject of this complaint, Mr. Morales had been diagnosed with mental health issues. His family and medical providers were aware of this condition.

**12.**

Prior to the events, which are the subject of this lawsuit, Mr. Morales's father had disarmed Mr. Morales firearm by removing the firing pin.

**13. FACTS**

On or about March 14, 2019, Idaho law enforcement officers began a freeway pursuit of Victor Morales, under the suspicion that he had stolen the pickup truck that he was driving.

**14.**

The pursuit headed westbound on I-84 and eventually crossed into Oregon. Whereupon Oregon State Police and officers from other local agencies took over the pursuit, which shifted to a low-speed pursuit.

**15.**

A spike strip was deployed, which blew out the pickup's tires, and Mr. Morales's vehicle came to a stop near the intersection of E. Idaho Ave. and N. Oregon St. Nine law enforcement vehicles from three Oregon agencies, including Defendants, came to a stop behind the Morales vehicle.

**16.**

The officers exited their vehicles with weapons drawn and took defensive positions, using their vehicles for cover. Defendants Andreazzi, Potter, and Reece, as well as the other officers present, began issuing commands for Morales to exit his vehicle.

**17.**

Slowly, Mr. Morales exited the pickup truck holding his disarmed and unloaded gun to his own head. At no point was the gun pointed at anyone or anything other than Mr. Morales.

**18.**

Mr. Morales did not threaten the officers or the public and took no aggressive actions whatsoever.

Page 3- **FIRST AMENDED COMPLAINT**

CLARK LAW & ASSOCIATES, LLC
6501 SW MACADAM AVE. SUITE E
PORTLAND, OR  97239
(503) 238-1010
(503) 238-1212 (FACSIMILE)

**19.**

Oregon State Trooper Kevin Harris, who was approximately 30-35 feet from Mr. Morales, and Defendant Potter, who was approximately 45-50 feet away, both reported that they heard the telltale sound of hammer clicks as Mr. Morales pulled the trigger of the gun pointed at his own head.

**20.**

The Troopers, trained in the use of firearms, knew or should have known that the gun was either unloaded or disarmed, and unable to fire.

**21.**

From the moment Mr. Morales stepped out of the vehicle, Defendants, and other officers at the scene, loudly, forcefully, and clearly ordered Mr. Morales to "Drop the gun," and "Put the gun down!"

**22.**

Mr. Morales then began to comply with Defendants' instructions, and slowly lowered the gun from his head, down across his chest, and finally down toward his waist.

**23.**

At no point did Mr. Morales ever point the gun at officers or any other person. Rather, he was in the process of complying with Defendants' orders.

**24**.

While Mr. Morales was complying with Defendants' instructions, Defendants Andreazzi and Potter opened fire from their defensive cover, discharging 7 shots. Four of those bullets struck Mr. Morales, dropping him to the ground.

**25.**

Two of the four bullets struck Mr. Morales center mass. The third struck his right thigh. The fourth struck his arm. While on the ground, his foot continued to twitch for approximately 2 minutes. No first aid was provided. He was pronounced dead at St. Alphonsus Medical Center 20 minutes later.

Page 4- **FIRST AMENDED COMPLAINT**

CLARK LAW & ASSOCIATES, LLC
6501 SW MACADAM AVE. SUITE E
PORTLAND, OR  97239
(503) 238-1010
(503) 238-1212 (FACSIMILE)

## 26. TORT CLAIM NOTICE

Timely Tort Claim Notice, via ORS 30.275 (2)(a), was submitted to the Oregon State Police on September 16, 2019. This was acknowledged by the State of Oregon on December 18, 2019.

## 27. FIRST CLAIM FOR RELIEF

### NEGLIGENCE (State)

### Andreazzi, Potter

### 28.

Plaintiff re-alleges and incorporates paragraphs 1 - 26.

### 29.

Defendants Andreazzi, Potter, were negligent in one or more of the following ways:

A) Failing to recognize that that Mr. Morales' handgun was unloaded and/or disarmed;

B) Failing to warn or notify other officers that the weapon was unloaded and/or disarmed;

C) Failing to allow Mr. Morales to fully comply with their instructions;

D) In discharging their weapons at Mr. Morales when a reasonably prudent police office in the same circumstance would not;

E) In failing to reasonably deescalate the encounter;

F) In failing to take other non-lethal action to prevent the use of deadly force; and

G) In failing to otherwise act as a reasonably prudent police officer in the situation.

## 30. SECOND CLAIM FOR RELIEF

### NEGLIGENCE (State)

### State of Oregon, Oregon State Police

### 31.

Plaintiff re-alleges and incorporates paragraphs 1 - 29.

### 32.

Defendants State of Oregon, Oregon State Police were negligent in one or more of the following ways:

A) Failing to properly train their employees;

Page 5- **FIRST AMENDED COMPLAINT**

CLARK LAW & ASSOCIATES, LLC
6501 SW MACADAM AVE. SUITE E
PORTLAND, OR  97239
(503) 238-1010
(503) 238-1212 (FACSIMILE)

B) Failing to properly supervise their employees;

C) In failing to control of the scene of the events, which are the subject of this Complaint; and

D) Otherwise, in failing to prevent the death of Mr. Morales.

### 33. THIRD CLAIM FOR RELIEF

### ASSAULT (State)

### Defendants Andreazzi, Potter

### 34.

Plaintiff re-alleges and incorporates paragraphs 1 - 32.

### 35.

In this case, it was reasonably foreseeable that Mr. Morales would fear imminent harmful contact when Trooper Potter and Trooper Andreazzi pointed and fired their guns at him.

### 36. FOURTH CLAIM FOR RELIEF

### BATTERY (State)

### Defendants Andreazzi, Potter

### 37.

Plaintiff re-alleges and incorporates paragraphs 1 - 35.

### 38.

In this case, Trooper Potter and Trooper Andreazzi fired their guns at Mr. Morales they intended to cause him harm. The result of them shooting at Mr. Morales caused his death.

### 39. FIFTH CLAIM FOR RELIEF

### WRONGFUL DEATH (State)

### 40.

Plaintiff re-alleges and incorporates paragraphs 1 - 38.

### 41.

As a direct, proximate and foreseeable result of Defendants' actions Mr. Morales sustained multiple gunshot wounds and died.

Page 6- **FIRST AMENDED COMPLAINT**

CLARK LAW & ASSOCIATES, LLC
6501 SW MACADAM AVE. SUITE E
PORTLAND, OR  97239
(503) 238-1010
(503) 238-1212 (FACSIMILE)

**42.**

Defendant State of Oregon and Defendant Oregon State Police are liable for the negligence of Defendant John Andreazzi, and Defendant Matthew Potter.

**43**.

Plaintiffs are entitled to all of their damages in an amount to be ascertained according to proof at trial.

## 44. SIXTH CLAIM FOR RELIEF EXCESSIVE USE OF FORCE

### (FEDERAL- FOURTH AMENDMENT; 42 U.S. CODE § 1983)

### Defendants Andreazzi, Potter

**45.**

Plaintiff re-alleges and incorporates paragraphs 1 - 42.

**46**.

Despite Mr. Morales being out of his vehicle and having demonstrated that his gun was unloaded and disarmed, while in the active process of complying with Defendants' orders and having never directly threatened or aimed at the defendants in any way; Defendants Andreazzi and Potter opened fire on Mr. Morales, fatally wounding him.

### 47. ATTORNEY FEES

If this matter makes it to court, upon prevailing we will request attorney fees as applicable under 42 U.S. CODE § 1988(b), Proceedings in Vindication of Civil Rights. Under this provision the court, in its discretion, may allow the prevailing party, reasonable attorney's fee as part of the costs.

### 48. ECONOMIC DAMAGES- FUNERAL COSTS

As a direct and proximate result of Defendants' actions, funerary services were for Mr. Morales were made necessary, causing economic damages in the amount of $7,000.00, or such sum as may be proven at trial.

### 49. LOSS OF WAGES/WAGE-EARNING CAPACITY

At the time of his death Mr. Morales was 25 years old and employed as a welder. The average salary for a welder in the State of Oregon is $40,000.00. It is reasonable that he would have worked until he was 60

Page 7- **FIRST AMENDED COMPLAINT**

CLARK LAW & ASSOCIATES, LLC
6501 SW MACADAM AVE. SUITE E
PORTLAND, OR  97239
(503) 238-1010
(503) 238-1212 (FACSIMILE)

years old. Thus, we demand $1,400,000.00 for fair, just and reasonable pecuniary compensation to the decedent's estate.

### 50. NON-ECONOMIC DAMAGES

As a direct and proximate result of Defendants' actions, the Morales family suffered the loss of affection, society, companionship and services of Mr. Morales, all to the Estate's non-economic damages in the amount of $900,000.00.

### 51. PRAYER FOR RELEIF

The Estate of Victor Morales hereby prays for judgement against Defendants, each and every one of them in the Amount of $900,000.00 for non-economic damages, and $1,407,000.00 in economic damages, for a total prayer of: $2,307,000.00, plus attorneys frees, costs and disbursements and the court sees fit.

Signed and dated this 7th day of April, 2023.

Respectfully submitted

/s/ *Brian Ruff*
Brian Ruff, OSB No. 980975
Clark Law & Associates, LLC
6501 SW Macadam Ave. Suite E
Portland, Or 97239
*Of Attorneys for Plaintiff*

Page 8- **FIRST AMENDED COMPLAINT**

CLARK LAW & ASSOCIATES, LLC
6501 SW MACADAM AVE. SUITE E
PORTLAND, OR 97239
(503) 238-1010
(503) 238-1212 (FACSIMILE)